# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| NICHOLAS E. BOONE, and all others similarly situated, | ) ) ) | No. 73534-9-I |
| Petitioner, | ) ) | |
| v. | ) ) | |
| CITY OF SEATTLE, | ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: May 2, 2016 |

VERELLEN, C.J. — In this class action seeking declaratory and other relief, the superior court ruled that individual class members who seek to challenge the validity of traffic infractions they voluntarily paid in municipal court must first seek to vacate the resulting judgments under the rules governing municipal courts. The superior court reserved other issues that might remain for the class litigation. The parties jointly agreed to certify the court's ruling for discretionary review under RAP 2.3(b)(4), including that "immediate review of the order may materially advance the ultimate termination of the litigation."[1] This court granted discretionary review.

The City of Seattle now disputes the jurisdiction of this court because each of the individual infractions is less than $200. The Court of Appeals is statutorily barred from reviewing appeals of "civil actions at law for the recovery of money or personal property

---

[1] Clerk's Papers (CP) at 781-82. The superior court also entered a CR 54(b) certification that there is no just cause for delay, but did not enter any supporting findings of fact. CP at 780, 782.

1

when the original amount in controversy, or the value of the property does not exceed the sum of two hundred dollars."[2] The parties have provided limited briefing on the amount in controversy limitation.

Under RAP 2.3(b)(4), "discretionary review *may* be granted."

Under all of the circumstances, it is not clear what benefits would result from immediate review. We conclude that review was improvidently granted. This matter is dismissed.

WE CONCUR:

_____

Trickey, J

_____

Becker, J.

---

[2] RCW 2.06.030. The Washington Constitution imposes a similar $200 amount in controversy threshold on the Washington Supreme Court, but expressly allows the Supreme Court to consider challenges to municipal fines. WASH. CONST. art. IV, § 4; City of Bremerton v. Spears, 134 Wn.2d 141, 152, 949 P.2d 347 (1998).